

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZACHARY WILLIAM BARE | : | CIVIL RIGHTS ACTION |
| 510 Heather Road | | |
| Exton, PA 19341 | : | |
| and | | |
| KIMBERLY BAKER BARE | : | 10   4 6 4 6 |
| 510 Heather Road | | |
| Exton, PA 19341 | : | |
| | | |
| vs. | : | No. |
| | | |
| KELLY CRUZ | : | |
| c/o PSP Embreeville | | |
| 997 Lieds Road | : | TRIAL BY JURY OF TWELVE |
| Coatesville, PA 19320 | | DEMANDED |
| | | |
| FRANK E. PAWLOWSKI | : | |
| Commissioner, Pennsylvania State Police | | |
| 1800 Elmerton Avenue | : | |
| Harrisburg, Pa  17110 | | |

## COMPLAINT

1.      Plaintiff Zachary Bare is an adult individual who resides at 510 Heather

Road, Exton, PA 19341.

2.      Plaintiff Kimberly Baker Bare is an adult individual who resides at 510

Heather Road, Exton, PA 19341. Kimberly Baker Bare is the mother of plaintiff Zachary

Bare.

3.      Defendant Kelly Cruz is an adult individual whose last known business

address was c/o Pennsylvania State Police, Embreeville Barracks, 997 Lieds Road,

Coatesville, PA 19320.

4.      Defendant Frank E. Pawlowski is the Commissioner of the Pennsylvania

State Police, who maintains an office for the conduct of business at 1800 Elmerton Avenue, Harrisburg, Pa 17110.

5.      At all relevant times, defendant Cruz was an officer and agent of the Pennsylvania State Police acting at all relevant times under color of state law.

6.      At all relevant times, defendant Pawlowski acted as the Commissioner of the Pennsylvania State Police under color of state law. As is more fully set forth below, defendant Pawlowski was at all relevant times responsible for the control and discipline of all uniformed PSP personnel, including defendant Cruz. Further, at all relevant times defendant Pawlowski acted as the highest official and authority within and regarding the Pennsylvania State Police.

## *JURISDICTION AND VENUE*

7.      The excessive force and unreasonable seizure claims presented here arise under the Fourth and Fourteenth Amendments to the United States Constitution and are asserted pursuant to 42 U.S.C. § 1983. Accordingly, this Honorable Court has subject matter jurisdiction to adjudicate those claims pursuant to 28 U.S.C. § 1331. The Court has supplemental subject matter jurisdiction to adjudicate the pendent state claims pursuant to 28 U.S.C. § 1367 (Supplemental jurisdiction authorized over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III, " including claims that involve the joinder of additional parties.)

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because this is the District where any defendant resides, and where all defendants reside in the same State, and because this is the District in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS

9.    Plaintiff Zachary Bare was seriously injured on August 19, 2009, when he was assaulted in his own home by defendant Kelly Cruz who, inter alia, used his boot to stomp plaintiff's face into a tile floor while defendant was handcuffed and submissive on the kitchen floor of his own home.

10.    At the relevant time and place, defendant Cruz stomped down on the back of plaintiff Zachary Bare 's head with such force that Bare's teeth were forced up and into his gums, breaking his nose from the inside out, causing great pain and medical expense.

11.    At the relevant time and place, plaintiff Kimberly Bare owned and resided at the home located at 510 Heather Road. Kimberly Bare was seated in her living room, no more than 30' from her son Zachary Bare when Zachary Bare was assaulted and stomped by defendant Cruz.

12.    Plaintiff Kimberly Bare is physically disabled, and could not move from her chair without assistance. She was told by a police officer in her home not to move. She was then forced to listen as defendant Cruz assaulted her son, and to listen to her son's anguished cries of pain, in her own home.

3

13.     The sound of this outrageous physical assault made plaintiff Kimberly Bare physically nauseous. After the police officers left her home she viewed her son's blood left on her kitchen floor. Because of her disability, she was not able to clean up the bloody mess by herself.

14.     Thereafter, defendant Cruz made false statements concerning the incident to other law enforcement officers for the purpose of misleading investigators and obstructing the investigation of his misconduct.

15.     At all relevant times, defendant Cruz was assigned to the investigation of drug offenses, and was detached to a unit colloquially described as "Troop J Vice."

16.     At all relevant times, and in the relevant time precedent thereto, the PSP personnel routinely and repeatedly assaulted citizens and violated their various constitutional rights during drug investigations, including their rights to be free from the use of excessive force and the right to be free from unreasonable seizures.

17.     By way of example only, on August 12, 2008, Trooper Shawn A. Wolfe assaulted Cyhien Juba Barnes, Jr., during a drug arrest in York County. A government agent present at the time of the assault completed a written report describing the vicious, violent assault by the Trooper. No charges were filed against the Trooper. A civil suit against Trooper Wolfe and others regarding these matters is now pending in the Middle District of Pennsylvania at No. 1:10-cv-01684-CCC captioned *Barnes v. City of York, et al.*

18.     Defendant Pawlowski and his predecessor, former Commissioner Jeffrey Miller, have implemented and followed a policy or custom of tacit acquiescence in assaultive conduct by Troopers involved in drug cases, by which supervisors, and ultimately the internal affairs personnel and the Commissioner himself, all "look the other way" when Troopers violate the constitutional rights of the citizenry.

19.     As a result of this policy or custom of tacit acquiescence, Troopers involved in drug investigations are free to assault and injure citizens without fear of any internal discipline or criminal prosecution. This policy is widespread, and applies to the misconduct of troopers involved in drug investigations.

20.     This policy of tacit acquiescence is furthered by the policy or custom promulgated by defendant Pawlowski and his predecessor, former Commissioner Jeffrey Miller, that all criminal investigations of troopers' on-duty conduct will be conducted by the State Police and not by any local prosecutor or police officer. Defendant Pawlowski and his predecessor, former Commissioner Jeffrey Miller, have implemented this policy or custom by imposing upon local prosecutors and investigators to "defer" to state police investigation. This policy is an integral part of the policy or custom of tacit acquiescence" implemented by defendant Pawlowski and his predecessor, former Commissioner Jeffrey Miller.

21.     After this assault occurred, through counsel, plaintiff Zachary Bare attempted to make a report that he had been a victim of a criminal assault. Counsel

attempted to make such a report to the West Whiteland Township Police Department through Sgt. Joseph Catov on September 8, 2010. Sgt. Catov declined to accept the report, and said that it was "policy" that the report had to be made to the state police. Counsel attempted to make such a report to the Chester County Detectives, but Chester County District Attorney Joseph W. Carroll refused to permit his Detectives to accept or investigate the report because he and his office followed the request of the PSP that all reports of misconduct by PSP members should be investigated by the PSP and the Pennsylvania Attorney General.

22.    Plaintiff Zachary Bare through counsel then made a report of defendant Cruz's misconduct through and in compliance with the PSP internal affairs process. The internal affairs complaint was filed with Cpl. Barrett of the PSP Bureau of Integrity and Professional Standards Internal Affairs Division on September 2, 2009. Plaintiff Zachary Bare cooperated with the "investigation" conducted by the PSP, and consented to an interview by PSP internal affairs investigator. Neither plaintiff nor his counsel has been informed of the outcome of the complaint.

23.    After the internal affairs process went nowhere, plaintiff Zachary Bare, through counsel, submitted a private criminal complaint on November 23, 2009. That private criminal complaint was submitted to the Chester County District Attorney for approval pursuant to Rule 506, Pa.R.Crim.P. The crimes committed by defendant Cruz include Aggravated Assault, 18 Pa.C.S. Section 2702(a)(1) (attempts to cause or causes

serious bodily injury); 18 Pa.C.S. Section 2702(a)(4)(causes bodily injury with a deadly weapon, to wit: his foot and boot); Simple Assault, 18 Pa.C.S. Section 2701(a)(1) (causes bodily injury); Unsworn Falsification, 18 Pa.C.S. Section 4904; Obstructing Administration of Law, 18 Pa.C.S. Section 5101; and Official Oppression, 18 Pa.C.S. Section 5301(1). The District Attorney disqualified his office from the review and approval process and referred the matter to the Pennsylvania Attorney General for review and investigation.

24. The Attorney General apparently relied on the PSP to investigate this case, and has failed and/or refused to complete a review of the private criminal complaint and/or its investigation into Cruz's misconduct in spite of the heroic cooperation of the West Whiteland police officers who were present for and witnessed Cruz's assault of plaintiff Zachary Bare, and who documented that assault in their reports.

25. Defendant Pawlowski's policy or custom of tact acquiescence was a substantial cause of defendant Cruz's assault of plaintiff and the injuries he sustained.

26. By implementing and continuing this policy of tacit acquiescence, defendant Pawlowski acted as the moving force in the assaultive conduct of defendant Cruz, and his policy or custom of tacit acquiescence was a direct cause of defendant Cruz's assault of plaintiff.

27. At all relevant times, defendant Cruz knew that he was free to abuse citizens like plaintiff because he had previously assaulted citizens during and in relation

7

to drug investigations without consequence, and because he knew that local law enforcement would defer to the state police in all investigations of alleged misconduct.

28.     At all relevant times, defendant Pawlowski possessed final authority to establish policy with respect to the investigation and discipline of troopers who engaged in assaultive conduct in drug investigations, and his policy of tacit acquiescence constituted a conscious choice not to interfere with or discourage misconduct by troopers in those investigations.

## COUNT 1 - ZACHARY BARE vs. CRUZ - Section 1983

29.     On August 19, 2009, plaintiff was assaulted in his own home by defendant Kelly Cruz who, inter alia, used a state-issued boot to stomp plaintiff's face into a tile floor while defendant was handcuffed and submissive on the kitchen floor of his home.

30.     Defendant Cruz acted under color of state law while violating the plaintiff's constitutional rights. Defendant Cruz violated plaintiff's right to be free from the use of excessive force and the right to be free from unreasonable seizure protected by the Fourth Amendment, as applicable to the Commonwealth of Pennsylvania's agents pursuant to the Fourteenth Amendment.

31.     The assaultive conduct of defendant Cruz caused, and will continue to cause in the future, serious personal injuries. By way of example only, his central superior teeth were displaced superiorly at the midline into the maxilla with surrounding fracture lucency which includes the exterior aspect of the anterior maxillary spine.

32.     Plaintiff was evaluated and treated at the Paoli Memorial Hospital Emergency room on August 20, 2010, and was referred for oral surgery. The oral surgery occurred on August 21st, and resulted in his teeth having to be wired together. Further emergency treatment was required for a blood clot on August 22nd.

33.     The injuries caused by defendant Cruz caused plaintiff to incur, and to become liable in the future for, various medical expenses.

34.     The conduct of defendant Cruz was outrageous, and warrants an award of punitive damages.

WHEREFORE, plaintiff demands compensatory and punitive damages from defendant Cruz in an amount in excess fo $100,000, plus such other and further relief as this Court deems just.

### COUNT 2 - ZACHARY BARE vs. PAWLOWSKI - Section 1983

35.     The policy of tacit acquiescence adopted and implemented by defendant Pawlowski was a direct cause of the misconduct of defendant Cruz and a direct cause of the injuries suffered by plaintiff.

36.     The conduct of defendant Pawlowski was undertaken under color of state law and resulted in a violation of the plaintiff's constitutional rights. Defendant Pawlowski's policy or custom violated plaintiff's right to be free from the use of excessive force and the right to be free from unreasonable seizure protected by the Fourth Amendment, as applicable to the Commonwealth of Pennsylvania's agents pursuant to the

Fourteenth Amendment.

37.    The conduct of defendant Pawlowski caused the damages set forth above.

WHEREFORE, plaintiff demands judgement against defendant Pawlowski, jointly

and severally with defendant Cruz, in an amount in excess of $100,000, plus such other

and further relief as this Court deems just.

### COUNT 3 - ZACHARY BARE vs. CRUZ - Tort Claims

38.    Defendant Cruz's conduct as aforesaid constituted the state torts of assault

and battery and outrageous conduct against Plaintiff Zachary Bare.

39.    Defendant Cruz's conduct constituted wilful misconduct beyond and

outside of his authority as a state employee, and so defendant Cruz is not subject to any

state created immunity for his misconduct.

40.    Defendant Cruz's conduct was outrageous and warrants an award of

punitive damages.

WHEREFORE, plaintiff demands judgement against defendant Cruz for

compensatory and punitive damages in an amount in excess of $100,000, plus such other

and further relief as this Court deems just.

### COUNT 4 - ZACHARY BARE vs. CRUZ AND PAWLOWSKI

41.    Plaintiff is entitled to an award of attorneys fees and costs pursuant to 42

U.S.C. § 1988 when and as he is a prevailing party herein.

WHEREFORE, plaintiff demands judgement against defendants Cruz and

Pawlowski, jointly and severally, for attorneys fees and costs of litigation..

### COUNT 5 - KIMBERLY BARE vs. CRUZ - Tort claims

42. The conduct of defendant Cruz as aforesaid constituted the state tort of outrageous conduct causing emotional distress, as to which this Honorable Court should exercise its discretionary supplemental jurisdiction.

43. After this outrageous conduct, plaintiff Kimberly Bare suffered great emotional distress and consulted with her various treating doctors about that distress. The stress of these events has caused her permanent injury.

44. The conduct of defendant Cruz was sufficiently outrageous as to warrant an award of punitive damages to plaintiff Kimberly Bare.

WHEREFORE, plaintiff Kimberly Bare demands judgement against Cruz for compensatory and punitive damages in an amount in excess of $100,000, plus such other and further relief as this Court deems just.

Respectfully submitted,

*DUFFY & GREEN*

Dated: 9. 8. 2010

By: s/ Joseph P. Green, Jr.
138 West Gay Street
West Chester, PA 19380
610-692-0500
Pa Atty ID No. 32604
jpgreen@duffygreen.com